UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA STUART ROBINSON,<br><br>        Plaintiff,<br><br>    v.<br><br>QUANAJE HAMPTON d/b/a QH GROUP, LLC, et al.,<br><br>        Defendants. | CASE NO. C10-5189BHS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING DEFENDANT'S MOTION FOR SANCTIONS |

This matter comes before the Court on Defendant Quanaje Hampton d/b/a QH Group, LLC's ("QH Group") Motion for Judgment on the Pleadings/Motion for Dismissal (Dkt. 9) and Defendant We the People, P.S.'s ("We the People") Motion for Judgment on the Pleadings/Motion for Dismissal (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants the motions for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On March 22, 2010, Plaintiff Barbara Stuart Robinson ("Robinson") filed her original complaint naming QH Group as a defendant. Dkt. 3. On April 26, 2010, Robinson filed an amended complaint to add We the People as a defendant in the action. Dkt. 13. Robinson's amended complaint is otherwise identical to her original complaint. *See* Dkts. 3 and 13. On April 20, 2010 QH Group filed its motion to dismiss (Dkt. 9) and on May 6, 2010 Robinson filed a response (Dkt. 16). Also on April 20, 2010, QH Group

filed a motion for sanctions against Robinson. Dkt. 10. On May 13, 2010 We the People filed its motion to dismiss (Dkt. 19) and on May 21, 2010, Robinson responded (Dkt. 22).

## II. DISCUSSION

**A.     Motions to Dismiss**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction. *Vacek v. U.S. Postal Serv.*, 447 F.3d 124, 1250 (9th Cir. 2006). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). The burden falls on the plaintiff to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Vacek*, 447 F.3d at 1250. A motion brought under Rule 12(b)(1) may be either facial, where the inquiry is limited to the allegations in the complaint, or factual, where the court may look beyond the complaint to consider extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Savage v. Glendale Union High School Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When a defendant makes a facial challenge to jurisdiction, all material allegations in the complaint are taken as true, and the question for the court is whether the lack of jurisdiction appears from the face of the pleading itself. *See Wolf*, 392 F.3d at 362; *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000). "If the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Wolf*, 392 F.3d at 362 (internal quotation marks omitted). For purposes of considering a motion to dismiss on the grounds of subject matter jurisdiction, a court may consider matters outside of the pleadings. *Association of American Medical Colleges v. U.S.*, 217 F.3d 770, 778 (9th Cir. 2000).

1  QH Group and We the People filed motions to dismiss alleging that Robinson's
2 complaint should be dismissed for lack of standing, improper service, and lack of
3 jurisdiction. Dkts. 9 and 19. In addition, We the People's motion to dismiss alleged that
4 Robinson's complaint should be dismissed for improper venue, failure to state a claim
5 upon which relief could be granted, improper party plaintiff, and failure to join necessary
6 parties. Dkt. 19. Because the Court concludes that it does not have proper subject matter
7 jurisdiction in the case, as discussed below, it does not consider the merits of the motions
8 to dismiss on other grounds.

9  The Court considers QH Group and We the People's motions to include factual
10 challenges to the Court's jurisdiction, rather than facial challenges, because QH Group
11 attached documents outside the pleadings to its motion (Dkt. 9, Exhs. 1-8) and We the
12 People incorporated those documents in its own motion to dismiss (Dkt. 19 at 1), as well
13 as attached its own exhibits (Dkt. 19, Exhs. 1-3). *See Wolf*, 392 F.3d at 362.
14 Accordingly, in order to defeat the motion to dismiss for lack of jurisdiction, Robinson is
15 required to submit evidence to satisfy her burden of establishing subject matter
16 jurisdiction. *Id*.

17  A federal district court has subject matter jurisdiction over civil actions arising
18 under the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 1331.
19 Complete diversity of the parties establishes an alternative basis for subject matter
20 jurisdiction. *See* 28 U.S.C. § 1332. Here, the parties are all residents of the State of
21 Washington for purposes of jurisdiction, thus no diversity jurisdiction exists. *See* Dkt. 13
22 at 4; Dkt. 9, Exh. 7. Dkt. 19, Exh. 1. Further, although Robinson lists the following
23 federal statutes in her complaint, "18 USCA 1341, 1342; IRC 7201; 8 UDCA 1306; 18
24 USCA 3555; Securities Exchange Act of 1934 15 USC 78a et eg" (Dkt. 13 at 3), none of
25 the factual allegations contained in her complaint allege that QH Group or We the People
26 violated these laws. *See* Dkt. 13. Moreover, in her responses to QH Group and We the
27 People's motions to dismiss, Robinson failed to submit any evidence that her claims do in
28

ORDER - 3

fact arise under these federal statutes, or other federal law, to show that the Court has subject matter jurisdiction over the case. *See Wolf*, 392 F.3d at 362 (requiring plaintiffs, in opposing a motion to dismiss, to submit evidence to satisfy their burden of establishing that subject matter jurisdiction exists). Accordingly, Robinson's complaint is dismissed for lack of subject matter jurisdiction.

**B.     Motion for sanctions**

QH Group's motion for sanctions seeks relief under Rule 11(B)(1),(2), and (3) of the Federal Rules of Civil Procedure, based primarily on Robinson's failure to conduct a reasonable inquiry of relevant public documents before bringing the suit and failure to plead any facts in support of her having standing to bring the claims she alleges. Dkt. 10 at 1-2. The Court is dismissing Robinson's complaint for lack of subject matter jurisdiction and does not reach the merits in this case. *See Bender v. Williamsport*, 475 U.S. 534, 541 (1986). The Court does not regard sanctions as warranted and therefore denies QH Group's request for them.

### III. ORDER

Therefore, it is hereby **ORDERED** that QH Group and We the People's  motions to dismiss (Dkts. 9 and 19) are **GRANTED**, and Robinson's claims against QH Group and We the People are **DISMISSED without prejudice**.

DATED this 21st day of June, 2010.

BENJAMIN H. SETTLE
United States District Judge